UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARLENE LOWRY,<br><br>                                         Plaintiff,<br><br>v.<br><br>FRANK FARINA,<br><br>                                        Defendant. | **COMPLAINT**<br><br>Civil Action No.:<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Darlene Lowry, complaining by her attorneys, McConville, Considine, Cooman & Morin, P.C., alleges the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction of this action under 28 U.S.C. § 1332(a) based upon the diversity of citizenship of plaintiffs and defendants, and the amount in controversy exceeding $75,000.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in the Western District of New York, and specifically in Monroe County, New York.

### PARTIES

3. Plaintiff Darlene Lowry ("Mrs. Lowry") is an individual who currently resides at 46 Fleming Street, Rochester, NY 14612. She is a citizen of New York.

4. Upon information and belief, Defendant Frank Farina ("Mr. Farina") is an individual who currently resides at 1951 Canadiana Court, Dunedin, FL 34698. He is a citizen of Florida.

## FACTS

5. At all relevant times herein, Mr. Farina owned and maintained, as landlord, a residential home located at 145 California Drive, Rochester, NY 14616 (the "Property") which was rented by Mrs. Lowry and her husband, as tenants.

6. On the evening of August 24, 2017, around 9:30 p.m., Mrs. Lowry excited the front door of the Property to retrieve materials from her car.

7. When Mrs. Lowry attempted to walk down the set of stairs while exiting from the Property entrance, a rotted step slid out and she fell forward through other collapsing steps onto her knees. As she fell, her feet and ankles tangled in the crumbling wooden debris. She called her husband, who drove her to Park Ridge Unity Hospital for treatment of her injuries caused by the fall.

8. For many months prior to the fall, Mrs. Lowry and her husband informed Mr. Farina that the front steps to the home were deteriorating and needed replacement or repair. Mr. and Mrs. Lowry specifically notified Mr. Farina of the defective condition of the stairs on the monthly rent check.

9. Mr. Farina refused to repair the steps.

10. Upon information and belief, the stairs at the Property were inadequately designed and constructed with narrow, weak plywood boards that were insufficient to support the structure.

11. As a result of the injuries suffered by Mrs. Lowry, she sustained economic damages, pain and suffering, medical and hospital expenses, curtailment of various activities, and loss of enjoyment of life.

## FIRST CAUSE OF ACTION
### (Negligence)

12. Plaintiff repeats and realleges as though fully set forth herein each of the allegations contained in paragraphs 1 through 11.

13. As the owner and landlord of a residential building, Mr. Farina knew or should have known that his tenants like Mrs. Lowry would regularly use, and that visitors would regularly frequent the Property, and particularly its entry stairs.

14. Upon information and belief, on August 24, 2017, the Property was not in a reasonably safe condition due to its poorly constructed and deteriorating entry stairs.

15. As such, Mr. Farina failed to take reasonable efforts to maintain the premises in such a condition that tenants and visitors to the Property will not unnecessarily or unreasonably be exposed to danger.

16. Mr. Farina was negligent in failing to properly maintain the entry stairs that could foreseeably endanger those living in or visiting the Property.

17. Furthermore, upon information and belief, Mr. Farina or his agent was negligent in designing or constructing entry stairs at the Property with narrow, weak plywood boards that were insufficient to support the structure.

18. This unsafe condition of the deteriorating stairs at the Property was a substantial factor in causing the injuries to Mrs. Lowry.

19. Mrs. Lowry was injured when a rotted step slid out and she fell forward through other collapsing steps onto her knees.

20. As owner of the property and landlord to Mrs. Lowry, Mr. Farina is liable for the injuries to Mrs. Lowry.

21. As a result of the foregoing, Mrs. Lowry suffered and will continue to suffer damages, including: economic damages, pain and suffering, medical and hospital expenses, curtailment of various activities, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff demands judgment against the defendant:

1. On the First Cause of Action for compensatory money damages in a fair, reasonable and adequate amount to compensate Mrs. Lowry for the injuries she has suffered, and in an amount in excess of the $75,000 minimum threshold for diversity actions in this Court;

together with the costs and disbursements of this action, and such other, further or different relief as, to the Court, may seem just and proper.

Dated:   June 4, 2018

                                      McCONVILLE, CONSIDINE,
                                      COOMAN & MORIN, P.C.
                                      *Attorneys for Plaintiff*

                                      */s/ Peter J. Gregory*
                                      Peter J. Gregory, Esq.
                                      25 East Main Street
                                      Rochester, New York 14614
                                      Telephone: (585) 546-2500